**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTORIA ELLMAN, et al., | CIVIL ACTION NO. 16-5918 (JLL) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| TOWNSHIP OF MILLBURN, N.J., et al., | |
| Defendants. | |

**LINARES, District Judge**

**THE PLAINTIFFS** bring this action to recover damages linked to the repossession of an automobile that contained personal items. The plaintiffs name the bank repossessing the automobile, the bank's service agent, and — of note here — the police department and its chief for the municipality where the automobile was located when it was repossessed. The plaintiffs assert that the police department and its chief violated their constitutional rights by allowing, and then failing to investigate, the seizure of the automobile and the personal possessions in that automobile. See 28 U.S.C. Sec. 1983; see also 28 U.S.C. Sec. 1331. In conjunction with the complaint, the plaintiffs move for a temporary restraining order for the return of the automobile and the property within.

**THE** gravamen of the complaint is actually a dispute between the plaintiffs and a private entity, i.e., the bank effectuating the repossession, and thus raises no proper federal claim and has no call upon a federal forum. The plaintiffs cannot maintain a

claim under Section 1983 that essentially seeks relief due to the conduct of private actors, no matter how wrongful the conduct. See Dophin v. Bank of America Mortgage Co., 641 Fed.Appx. 131 (3d Cir. 2016); St. Croix v. Etenad, 183 Fed.Appx. 230 (3d Cir. 2006).

**FURTHERMORE**, to the extent that the plaintiffs assert that the police department and the chief failed to investigate the circumstances of the repossession, they have no cause of action. They are private citizens with no federal right to compel an investigation, because initiating an investigation is a function of governmental discretion. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

**THUS**, the Court is without subject matter jurisdiction here. The Court will (1) deny the motion for a temporary restraining order, and (2) dismiss the complaint without prejudice to the plaintiffs to seek relief in the appropriate state court. The Court notes that, in any event, there is no irreparable harm here that would mandate the entry of a temporary restraining order, as any potential damages can be redressed through a monetary award.

**THE COURT** will enter an appropriate order and judgment.

/s/ Jose L. Linares
JOSE L. LINARES
United States District Judge

**Dated:** September 26, 2016